STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, PLAINTIFF v. TONI M. FORTIN AND BRUCE ALLEN FORTIN, DEFENDANTS

No. COA97-1165

(Filed 16 June 1998)

**Insurance § 510 (NCI4th)— underinsured motorist coverage— rejection—not valid**

The trial court correctly granted summary judgment for defendants in a declaratory judgment action to determine whether underinsured coverage existed where the initial rejection of coverage was invalid; under *Maryland Casualty v. Smith*, 117 N.C. App. 593, defendants should have been provided with

STATE FARM MUT. AUTO INS. CO. v. FORTIN

[129 N.C. App. 839 (1998)]

approved form NC0185 at the time of the policy renewal rather than only with Form NC0186.

Appeal by plaintiff from judgment entered 18 July 1997 and order entered 22 August 1997 by Judge Henry V. Barnette, Jr. in Durham County Superior Court. Heard in the Court of Appeals 30 April 1998.

*Haywood, Denny & Miller, L.L.P., by Robert E. Levin, for plaintiff-appellant.*

*Gibbons, Cozart, Jones, Hughes, Sallenger & Taylor, by W. Earl Taylor, Jr., for defendants-appellees.*

WALKER, Judge.

Plaintiff filed this action on 2 April 1997 seeking a declaratory judgment on the issue of whether underinsurance motorists coverage existed under the automobile policy which plaintiff issued to the defendants. The trial court denied plaintiff's motion and granted summary judgment in favor of the defendants. Thereafter, the trial court denied plaintiff's motion to reconsider, to amend judgment or for relief from the judgment.

Defendant Toni Fortin (Mrs. Fortin) was injured in an automobile accident on 18 November 1994. Mrs. Fortin obtained a jury verdict in the amount of $218,000.00 against Vincente Jaimes, the driver of the other vehicle. Jaimes had liability coverage in the amount of $50,000.00. Mrs. Fortin then made demand for payment of underinsured motorists coverage benefits from the plaintiff under the automobile insurance policy issued to the defendants.

The insurance policy at issue had personal injury liability limits of $100,000.00 per person per accident at the time of the accident. Plaintiff contends that the policy only had uninsured motorists coverage of $100,000.00 per person per accident as defendant Bruce Fortin (Mr. Fortin) had rejected underinsured motorists coverage on 15 July 1991 and at the time of the renewal of the policy on 16 January 1992, Mr. Fortin did not select any different coverage.

Plaintiff argues that the trial court erred in granting summary judgment for defendants as plaintiff was entitled to judgment as a matter of law.

Summary judgment is proper where the pleadings, affidavits and other evidence, if any, viewed in the light most favorable to the non-

moving party, support a finding that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Harrison Associates v. State Ports Authority*, 280 N.C. 251, 256-57, 185 S.E.2d 793, 796 (1972).

We find *Maryland Casualty Co. v. Smith*, 117 N.C. App. 593, 452 S.E.2d 318 (1995) to be controlling on the issue before us. In *Maryland Casualty*, the son of defendant Ralph Smith was in an automobile accident on 2 May 1992 and the defendants took the position that they were entitled to underinsured motorists coverage in excess of $10,000.00 under the automobile insurance policy issued to them by the plaintiff. The plaintiff sought a declaratory judgment that the policy issued to the defendants in 1991 did not provide underinsured motorists coverage as the defendant husband had expressly rejected it. Both parties moved for summary judgment. The trial court granted the defendants' motion and this Court affirmed. *Id.* at 593-94, 452 S.E.2d at 318.

The circumstances in *Maryland Casualty* were as follows: At the time the plaintiff first issued the policy to the defendants, N.C. Gen. Stat. § 20-279.21 (b)(4) provided for underinsured motorists coverage but also allowed an insured to reject such coverage. *Id.* at 594, 452 S.E.2d at 318-19. This statute was amended "in late 1991 to allow insureds to select uninsured or combined uninsured/underinsured motorists coverage of up to $1,000,000.00." *Id.* at 596, 452 S.E.2d at 319. Mr. Smith had executed a North Carolina form number NC0185 on 29 September 1991 in which he expressly rejected underinsured motorists coverage. *Id.* at 595, 452 S.E.2d at 319. The defendants thereafter renewed their policy in March 1992 and executed form NC0186 but did not request that underinsured motorists coverage be added at that time. *Id.* Thus, on 2 May 1992, the day of the son's accident, Smith's policy did not expressly provide for underinsured motorists coverage. This Court held that "Mr. Smith's rejection executed on 29 September 1991 was no longer valid and effective after the 1991 amendment and after the new selection/rejection form was issued." *Id.* at 597, 452 S.E.2d at 320.

The Court noted that because "the insurer is not required to offer the option to select different policy limits once the named insured has exercised that option, the legislature in effect provided that the insured must be given the opportunity to exercise that option initially." *Id.* at 598, 452 S.E.2d at 321. The Court then determined that the plaintiff sent the defendants a copy of the revised form NC0186 as

an endorsement to their renewal policy; however, the Court found this to be a " 'half-hearted' " attempt to " 'offer' " the defendants the selection of policy limits provided for in the statutory amendments and concluded that Mr. Smith's earlier rejection of underinsured motorists coverage was no longer valid. *Id.*

We first note that the instant case involves the same statutory provision and amendment which were at issue in *Maryland Casualty*. As in *Maryland Casualty*, the plaintiff here provided the defendants with a selection/rejection form NC0186, which had been approved for policy renewals, at the time the defendants' policy was to be renewed. Mr. Fortin executed and returned this form on 16 January 1992 and did not request that underinsured motorists coverage be added at that time. However, like *Maryland Casualty*, form NC0186 "failed to offer the insured the selection of policy limits provided for in the statutory amendment" by providing defendants only with form NC0186 rather than form NC0185 (approved for use as an initial selection/rejection form for uninsured/underinsured motorists coverage). As a result, Mr. Fortin's rejection of underinsured motorists coverage on 15 July 1991 was not valid. Since the initial rejection was invalid, the defendants should have been provided approved form NC0185 at the policy renewal in January 1992 for selection/rejection of uninsured/underinsured motorists coverage. Therefore, at the time of Mrs. Fortin's accident on 18 November 1994, the defendants' policy included underinsured motorists coverage.

Therefore, the trial court's grant of summary judgment in favor of the defendants is

Affirmed.

Judges WYNN and MARTIN, John C., concur.